**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOHN RADOSEVICH,

        Plaintiff,

vs.                                                                                      No. 1:19-cv-00585-KWR-SMV

STATE OF NEW MEXICO,
GOVERNOR SUSANNA MARTINEZ,
SECRETARY OF CORRECTIONS DAVID JABLONSKI,
11TH JUDICIAL DISTRICT ATTORNEY KARL GILSON,
11TH JUDICIAL DISTRICT JUDICIAL OFFICER LOUIS
E. DEPAULI JR.,

        Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** is before the Court under 28 U.S.C. § 1915A on the Prisoner's Civil Rights Complaint filed by Plaintiff John Radosevich. (Doc. 1). The Court will dismiss the Complaint based on immunity and for failure to state a claim on which relief can be granted.

*1. Factual and Procedural Background*

Plaintiff John Radosevich has been convicted of a number of crimes in the State of New Mexico.[1] In this case, he challenges his prosecution, conviction, and sentence in State of New Mexico cause no. D-1113-CR-2012-00218. He was charged with assault with intent to murder and tampering with evidence on November 20, 2012. (Doc. 1-1 at 1). The charges against him were tried to a twelve-person jury on June 24- 25, 2013. (Doc. 1-1 at 3). At the close of the evidence, the trial judge directed a verdict on the assault with intent to murder charge and instructed the jury on a lesser, uncharged, crime of aggravated assault with a deadly weapon. (Doc.

---

[1] *See* State of New Mexico cause nos. D-1113-CR-1992-00085, D-1113-CR-1992-00123, D-1113-CR-1992-00125, D-1113-CR-1994-00088, D-1113-CR-1999-00100, D-1113-CR-1999-00101, D-1113-CR-2012-00210, D-1113-CR-2012-00218, and D-202-CR-2018-03824.

1

1-1 at 50). The jury convicted Radosevich on both the aggravated assault charge and the tampering with evidence charge. (Doc. 1-1 at 3). The trial judge then sentenced Radosevich to a term of imprisonment of 30 months on the two charges, with enhancements as an habitual offender. The term of imprisonment was to run consecutive to his sentence in another case, D-1113-CR-2012-00210. (Doc. 1-1 at 7, 9).

Radosevich appealed the conviction and sentence to the New Mexico Court of Appeals on September 27, 2013. (Doc. 1-1 at 5). On March 1, 2016, the Court of Appeals held that the jury instruction on the lesser, uncharged crime of aggravated assault was erroneous. The Court affirmed the conviction for tampering with evidence and ordered the case remanded for resentencing. (Doc. 1-1 at 41-69).

Radosevich petitioned the New Mexico Supreme Court to review the tampering with evidence conviction and sentence. (Doc. 1-1 at 6). The Supreme Court granted certiorari to resolve unsettled issues regarding sentencing for indeterminate tampering with evidence. (Doc. 1-1 at 22). Overruling prior precedent, the New Mexico Supreme Court upheld the conviction for tampering with evidence but remanded the case to the trial court for resentencing. (Doc. 1-1 at 20, 39). On the Mandate of the Supreme Court, on August 6, 2018 the trial court entered an Amended Judgment dismissing the aggravated assault charge and resentencing Plaintiff to a term of incarceration of 6 months on the indeterminate tampering conviction to run consecutive to the 3-year term of incarceration imposed in D-1113-CR-2012-00210. (Doc. 1-1 at 7).

Plaintiff Radosevich filed his Complaint in this case on June 24, 2019. (Doc. 1). Radosevich names, as Defendants, the State of New Mexico, Governor Susanna Martinez, Secretary of Corrections David Jablonski, 11th Judicial District Attorney Karl Gilson, and 11th Judicial District Judge Louis E. DePauli Jr. (Doc. 1 at 1). He asserts three claims:

>"Claim I: False imprisonment, 6th Amendment violation, Denial of due process of law and a violation of an accused's right to have a jury determine guilt beyond a reasonable doubt on every element." (Doc. 1 at 2).
>
>"Claim II: Civil Rights Violation-imprisoned for a crime I was never charged with. The New Mexico Supreme Courts final decision and mandate. Findings of both Courts are with this Complaint. These are my supporting facts." (Doc. 1 at 4).
>
>"Claim III: Malicious prosecution for the failing the (scope of duty) to uphold the law as written in the State of New Mexico securing a conviction. New Mexico Court of Appeals decision and New Mexico Supreme Court decision District Attorney did not dispute the reversal of the charge because they knew it was not legal, securing a conviction." (Doc. 1 at 5).

The essence of Plaintiff's allegations is that, because the New Mexico Court of Appeals and New Mexico Supreme Court corrected certain errors on direct appeal, that rendered Plaintiff's prosecution, conviction, sentencing, and incarceration illegal. (Doc. 1 at 4, 5). Plaintiff Radosevich seeks "compensation of eight million dollars for false imprisonment, mental anguish, and time taken away that can never be replaced." (Doc. 1 at 8).

## 2. Standards for 1915A and Failure to State a Claim

Plaintiff Radosevich is proceeding pro se and *in forma pauperis* on civil rights claims under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the Court shall review a complaint by a prisoner against a governmental entity or official and shall dismiss the case if the complaint fails to state a claim on which relief can be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B).

Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th

Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.  A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief.  *Twombly*, 550 U.S. at 570.

Under § 1915(e)(2)(B) the Court may dismiss the complaint at any time if the Court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).  *See also Hall v. Bellmon,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The Court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994).  The Court is not obligated to craft legal theories for the plaintiff or to supply factual

4

allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

### *3. Radosevich's Complaint Fails to State a Claim for Relief and Defendants are Immune*

Plaintiff Radosevich seeks relief under 42 U.S.C. § 1983. Section 1983 is the exclusive vehicle for vindication of substantive rights under the U.S. Constitution. *See Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that

5

is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Nor do generalized statements that defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. The Court concludes that Defendants are immune and Plaintiff's Complaint fails to state a claim for relief under § 1983.

### A.  Claims Against the State of New Mexico, Governor Martinez, and Secretary Jablonski:

Plaintiff names, as Defendants, the State of New Mexico, Governor Susanna Martinez, and Secretary of Corrections David Jablonski.  (Doc. 1 at 1). Radosevich alleges:

> "1.  Governor Susanna Martinez-Appoints all judicial officers to all Districts of New Mexico. Failed to ensure that appointed Judicial officer Louis E. DePauli Jr. was fully knowledgeable in New Mexico laws and United States constitutional rights. Also the 6th amendment of the civil rights act." (Doc. 1 at 6).

> "2.  Secretary of corrections-David Jablonski.  For falsely imprisoning John J. Radosevich on a 5-year sentence, illegaly held plaintiff for the 11th Judicial District that failed their (Scope of dutys) to uphold the Constitution of the United States and the Laws of New Mexico."  (Doc. 1 at 6) (errors in the original).

Section 1983 is a "remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016) (quotation marks omitted). It does not abrogate the states' sovereign immunity and the states, state agencies, and state officials in their official capacity do not qualify as "persons" under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67, 71 (1989); *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011) (unpublished). The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under § 1983.

Plaintiff Radosevich makes no claims that Governor Martinez or Secretary of Corrections Jablonski took any individual action with regard to Plaintiff's criminal case or did anything other than perform their official duties as officers of the state. (Doc. 1-1 at 6). *Ashcroft v. Iqbal,* 556 U.S. at 676. Therefore, Defendants are not "persons," the claims against the New Mexico Corrections Department, Governor Martinez, and Secretary Jablonski do not state a claim for § 1983 relief, and the claims will be dismissed. *Will v. Michigan Dep't of State Police,* 491 U.S. at 63-64.

**B.  Claims Against Judge DePauli:**  Plaintiff Radosevich names 11th Judicial District Judge Louis E. DePauli Jr. as a Defendant in this case. (Doc. 1 at 1, 3, 6). Radosevich claims:

> "Louis E. DePauli Jr. Failed his (Scope of Dutys) to uphold the United States Constitution 6th Amendment and the Law as written in the State of New Mexico. Illeagaly changed the indicted crime to an unindicted charged crime after close of trial. Illeagaly sentenced John J. Radosevich to 5-years in prison followed by one year of parole.  Ileagaly adding 2-one year habituls to the crimes not indicted on.  Which violates the constitutional requirement that a jury, not a judge must find the State has proved all elements of a crime beyond a reasonable doubt in order to support a conviction and sentence."

(Doc. 1 at 6) (errors in the original).

Civil rights and state law claims against judicial officers acting as judges are clearly barred by absolute judicial immunity. *See Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978); *Christensen v. Ward,* 916 F.2d 1462, 1473-76 (10th Cir. 1990); *Hunnicutt v. Sewell,* 147 N.M. 272, 277-78, 219 P.3d 529, 534-45 (Ct. App. 2009). It is well settled that the doctrine of judicial immunity is applicable in actions, such as the case at bar, with 42 U.S.C. § 1983 claims as well as state law claims. *Van Sickle v. Holloway,* 791 F.2d 1431, 1434–35 (10th Cir.1986); *Collins on Behalf of Collins v. Tabet,* 111 N.M. 391, 396, 806 P.2d 40, 45 (1991). Absolute immunity bars all suits for money damages for acts made in the exercise of judicial discretion. *Guttman v. Khalsa,* 446 F.3d 1027, 1033 (10th Cir.2006).

The United States Supreme Court has recognized absolute immunity for officials whose special functions or constitutional status requires complete protection from suit. *Harlow v. Fitzgerald,* 457 U.S. 800, 807 (1982). The purpose of absolute judicial immunity is:

> "to benefit the public, 'whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.' The Supreme Court has recognized that 'the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus.' Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation."

*Van Sickle v. Holloway,* 791 F.2d at 1434–35.

Plaintiff Radosevich seeks to hold Judge DePauli liable for errors made as the trial judge during the course of the criminal proceedings. (Doc. 1 at 3, 5). Radosevich seeks to recover damages against Judge DePauli for acts that were unquestionably made in the exercise of judicial discretion. Radosevich does not make any allegations of individual conduct by Judge DePauli other than his actions as the Judge presiding over his criminal case. (Doc. 1 at 6). The claims in this case are exactly the type of claims against a judicial officer that absolute immunity is designed to protect against. *Van Sickle v. Holloway,* 791 F.2d at 1434–35. Any claims against Judge DePauli

are barred by absolute judicial immunity and will be dismissed. *Stump v. Sparkman,* 435 U.S. at 355-56.

**C. Claims Against District Attorney Gilson and Assistant District Attorney Lee:**

Radosevich also names District Attorney Karl Gilson as a Defendant. (Doc. 1 at 1, 3, 7). Radosevich makes reference to Assistant District Attorney Gertrude Lee but does not expressly name her as a Defendant. (Doc. 1 at 1, 7). Radosevich alleges:

> "Both failed the (Scope of Duty) to uphold the United States Constitution, By not upholding the Laws as Written in the Sate of New Mexico by not correcting the Courts Judicial officer on the unindicted charge. Which violates the constitutional requirement that a jury must find the State has proved all the elements of a crime beyond a reasonable doubt in order to support a conviction and sentence. The state said nothing to correct the court on the unindicted charge which was malicious intent to secure a conviction and sentence."

(Doc. 1 at 7).

Like judges, prosecutors are entitled to immunity in the performance of their prosecutorial functions. *Miller v. Spiers*, 434 F.Supp.2d 1064 (2006); *Johnson v. Lally,* 118 N.M. 795, 796, 887 P.2d 1262, 1263 (Ct. App. 1994). The common law has long recognized prosecutors must be given immunity from the chilling effects of civil liability. *Burns v. Reed,* 500 U.S. 478, 485, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); *Griffith v. Slinkard,* 146 Ind. 117, 44 N.E. 1001, 1002 (1896); *Collins,* 111 N.M. at 396, 806 P.2d at 45. Prosecutors are absolutely immune from damages for their advocacy and activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

The allegations of the Complaint show no more than actions taken by District Attorney Gilson and Assistant District Attorney Lee as prosecutors that are intimately associated with the judicial phase of the criminal process. (Doc. 1 at 3, 7). District Attorney Gilson and Assistant District Attorney Lee are immune from damages for those actions and the Complaint fails to state

any claim for relief against them.  *Imbler v. Pachtman*, 424 U.S. at 430.

**D.  Amendment Would Be Futile:** The Court will decline to grant Plaintiff leave to file an amended complaint.  Even if mistakes were made during Plaintiff's criminal prosecution, that does not render officials' actions illegal, and New Mexico's judicial system functioned properly to correct those errors.  New Mexico state, judicial, and prosecutorial officials will always be immune from damages for their actions in the prosecution, conviction, sentencing, and incarceration of Plaintiff in cause no. D-1113-CR-2012-00218.  *Will v. Michigan Dep't of State Police,* 491 U.S. at 63-64; *Stump v. Sparkman,* 435 U.S. at 355-56; *Imbler v. Pachtman*, 424 U.S. at 430.

Further, the prosecution, conviction, and sentencing underlying Plaintiff's Complaint took place more than three years prior to filing of his Complaint in this Court.  At least some of Plaintiff's claims may be barred by the three-year statute of limitations.  *Varnell v. Dora Consol. Sch. Dist.,* 756 F.3d 1208, 1212 (10th Cir. 2014).  Last, Plaintiff's conviction for tampering with evidence was never reversed or set side.  Therefore, any claims by Plaintiff challenging that conviction may also be barred under *Heck v. Humphry,* 512 U.S. 477, 487 (1994).  The Court concludes that any amendment of the Complaint in this case would be futile.  *Bradley v. Val-Mejias,* 379 F.3d at 901.

### *4.  Pending Motion for Appointment of Counsel*

Also pending before the Court is Plaintiff Radosevich's letter motion to appoint counsel (Doc. 16).  There is no right to appointment of counsel in a civil rights case.  Instead, the decision whether to request assistance of counsel rests in the sound discretion of the Court. *Beaudry v. Corrections Corp. of America,* 331 F.3d 1164, 1169 (10th Cir.2003); *MacCuish v. United States,* 844 F.2d 733, 735 (10th Cir.1988).  Further, in light of the Court's dismissal of the case, Plaintiff's

request for counsel is moot.  The Court will deny the letter motion to appoint counsel.

**IT IS ORDERED THAT:**

(1) the motion for appointment of counsel filed by Plaintiff John Radosevich (Doc. 16) is **DENIED**; and

(2) the Prisoner's Civil Rights Complaint filed by Plaintiff John Radosevich (Doc. 1) is **DISMISSED WITH PREJUDICE** based on immunity and failure to state a claim for relief.

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**