IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN RADOSEVICH,

      Plaintiff,

vs.                                                                          No. 1:19-cv-00585-KWR-SMV

STATE OF NEW MEXICO,
GOVERNOR SUSANNA MARTINEZ,
SECRETARY OF CORRECTIONS DAVID JABLONSKI,
11TH JUDICIAL DISTRICT ATTORNEY KARL GILSON,
11TH JUDICIAL DISTRICT JUDICIAL OFFICER LOUIS
E. DEPAULI JR.,

      Defendants.

## ORDER DENYING REQUEST FOR RELIEF

**THIS MATTER** is before the Court on the Request for Relief (Doc. 20) filed by Plaintiff John Radosevich on March 15, 2021. To the extent the Request for Relief can be construed as a motion, the Court will deny the Request.

Plaintiff filed his Prisoner's Civil Rights Complaint (Doc. 1) on June 24, 2019. The Court dismissed the Complaint based on the doctrine of immunity and because the Complaint otherwise failed to state any claim for § 1983 relief. (Doc. 17). The Court entered final Judgment dismissing the case with prejudice on February 25, 2021. (Doc. 18). On March 15, 2021, Plaintiff filed a document titled "G. Request for Relief." (Doc. 20). The Request for Relief sets out a factual basis for Plaintiff's claim for damages in this case. (Doc. 20 at 1). The Request for Relief appears to be a supplement or amendment to Section G of Plaintiff's Complaint. *See* Doc. 1 at p. 8, Section G. To the extent the filing seeks to supplement or amend Plaintiff's Complaint it is moot and ineffective based on the Court's prior dismissal and entry of final Judgment.

Further, the filing does not contain any request for a court order and does not appear to constitute a motion under Fed. R. Civ. P. 7(b). However, it was filed within 28 days after entry of the Court's Judgment. To the extent the filing could conceivably be construed as a motion to alter or amend the Judgment pursuant to Fed. R. Civ. P. 59(e), the Court will deny the motion. Grounds warranting a motion to alter or amend under Rule 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir.1995). A motion for reconsideration is proper where the court has clearly misapprehended the facts, a party's position, or the controlling law, but is not appropriate to revisit issues already addressed in prior filings. *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Plaintiff's Request for Relief does not challenge the Court's dismissal or ask to alter or amend the Judgment. The Request does not identify any intervening change in the controlling law, nor does it present any new evidence that was previously unavailable. *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d at 948. Last, the Request does not identify any clear error in the Court's ruling or contend that reconsideration is necessary to prevent manifest injustice. *Id.* There are no grounds warranting alteration or amendment of the Judgment in this case and the Court will deny any such request. *Servants of Paraclete v. Does*, 204 F.3d at 1012.

**IT IS ORDERED** that, to the extent it may be construed as a Rule 59(e) motion, the Request for Relief filed by Plaintiff John Radosevich (Doc. 30) is **DENIED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**

2